

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:11-CR-58** |
| | § | |
| **RAUL PINEDA-DOMINGUEZ** | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District

of Texas, the District Court referred this matter for hearing and the submission of findings of fact

and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States

alleges that Defendant, Raul Pineda-Dominguez, violated conditions of supervised release imposed

by United States District Judge Ivan R. Lemelle of the Southern District of Texas. The United

States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision*

requesting the revocation of the defendant's supervised release

The Court conducted a hearing on August 30, 2011, in accordance with Federal Rules of

Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.       That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.       That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

<u>**STATEMENT OF REASONS**</u>

**A.  Procedural History**

On November 9, 2006, The Honorable Ivan R. Lemelle, United States District Judge, sentenced Pineda-Dominguez after he pled guilty to the offense of re-entry of a deported alien, a Class C felony.  Judge Lemelle sentenced the defendant to 18 months imprisonment, followed with three years of supervised release subject to the standard conditions of release, plus a special condition to include no re-entry.  On October 17, 2007, Raul Pineda completed his period of imprisonment and began service of the supervision term.

On April 18, 2011, jurisdiction over this criminal proceeding was transferred from the

Southern District of Texas to the Eastern District of Texas. The case is assigned tot he docket of

United States District Judge Ron Clark.

### B. Allegations in Petition

The United States alleges that the defendant violated the following mandatory condition of

supervised release:

*The defendant shall not commit another federal, state or local crime.*

Specifically, on February 1, 2011, Mr. Pineda pled guilty to Count 1 of the Superceding

Indictment, Conspiracy to Posses With Intent to Distribute a Controlled Substance, in Case Number

1:10CR00070-05.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the

allegations set out *supra*. As an exhibit, the Government presented criminal judgment entered

against Mr. Pineda on July 1, 2011, in Cause Number 1:10-CR-70-5 here in the Eastern District of

Texas. The judgment shows that Pineda pled guilty to the offense of conspiracy to possess with

intent to distribute 50 grams or more of methamphetamine. He was adjudged guilty of that offense

and sentenced to 360 months imprisonment.

Defendant, Raul Pineda-Dominguez, offered a plea of true to the allegations. Specifically,

Mr. Pineda agreed with the evidence presented and pled true to the allegation that he pled guilty and

was convicted of that federal crime in violation of his supervision conditions in this case.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised

release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence

that the defendant violated a mandatory condition of his supervised release by committing a federal crime while on supervised release.

If the Court finds that Pineda-Dominguez violated his supervision conditions in the manner stated above, this will constitute a Grade A violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade A violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon the defendant's criminal history category of III and the Grade A violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from eighteen (18) to twenty-four (24) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years, less any time the defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Here, the evidence and the defendant's own admission supports a finding that he violated

his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the

defendant committed a Grade A violation of his supervision conditions by committing a new federal

crime while on supervised release. The defendant knowingly and voluntarily pled true and agreed

with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the

evidence presented in this case, it is the recommendation of the undersigned United States

Magistrate Judge that the District Court accept the plea of true and revoke the defendant's

supervised release. The undersigned magistrate judge further recommends that the District Court

order Defendant, Raul Pineda-Dominguez, to serve a term of **eighteen (18) months imprisonment**,

**to run consecutively to the term of imprisonment imposed in cause number 1:10-CR-70(5)**,

with no further supervision term upon his release in this cause.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14)

days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to

object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed

findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and

(2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal

conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415,

1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts

require that, when a party takes advantage of his right to object to a magistrate's findings or

recommendation, a district judge must exercise its nondelegable authority by considering the actual

evidence and not merely by reviewing and blindly adopting the magistrate judge's report and

recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v.*

*Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 1st day of September, 2011.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE